UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS H. PASCHAL, | ) | CASE NO. 4:17cv1635 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| DOCTORS ASSOCIATES, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the motion of defendants Doctors Associates of Milford, Connecticut and Subway Restaurants to dismiss the complaint of *pro se* plaintiff Curtis H. Paschal ("Paschal" or "plaintiff"). (Doc. No. 6 ["Mot."].) Plaintiff opposed defendants' motion.[1] (Doc. No. 7 ["Opp'n"].) For the reasons that follow, defendants' motion is granted.

**I. BACKGROUND**

In the complaint, plaintiff states that he is a disabled veteran and that he entered a Subway restaurant in Niles, Ohio on March 6, 2017. (Doc. No. 1 ["Compl."] ¶¶ 1, 2.) Plaintiff alleges that

---

[1] Plaintiff also filed a "motion" in opposition to defendants' motion to dismiss. (Doc. No. 8.) Defendants opposed this filing as an improperly filed "motion." (Doc. No. 9.) The Federal Rules of Civil Procedure do not provide for the filing of a motion in order to oppose a motion to dismiss. Therefore, the Clerk shall administratively terminate plaintiff's motion. The Court will consider, however, the content of plaintiff's motion as part of plaintiff's opposition to defendants' motion to dismiss.

a Caucasian female[2] attempted to discuss his military service with him, and that he declined to speak with her about his service. (*Id.* ¶ 3.) Plaintiff claims that she became angry and stated, "I just wanted to thank you for your service nigger." (*Id.* ¶ 4.) Plaintiff alleges that in order to avoid further "vitriol," he moved his power chair to the opposite side of the customer seating area but she followed him, stating "[y]ou niggers are all alike." (*Id.* ¶¶ 5, 6, 7.) He claims that "[d]ue to the turmoil[,]" he was "forced to leave" the Subway restaurant without ordering lunch. (*Id.* ¶ 8.) Plaintiff states that the Subway staff watched the incident but did nothing to intervene. (Id. ¶ 10.) According to the complaint, the Subway store manager later told plaintiff that the restaurant's employees "are not trained to be confrontational." (*Id.* ¶ 15.)

The complaint alleges violation of Title II of the Civil Rights act of 1964 regarding places of public accommodation, 42 U.S.C. § 2000a *et seq.*, and seeks money damages for mental anguish and humiliation. Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) argues that the complaint: (1) fails to state a claim upon which relief can be granted; and (2) does not indicate that plaintiff has complied with the jurisdictional requirements of 42 U.S.C. § 2000a before filing a case in federal court. (Mot. at 18-19.[3])

## II. DISCUSSION

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the complaint. Fed. R. Civ. P. 12(b)(1). Generally, Rule

---

[2] The complaint does not expressly state the nature of this female's status, however, the overall context of plaintiff's complaint suggests that the Caucasian female was a Subway customer.

[3] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

12(b)(1) motions fall into two categories: facial attacks and factual attacks. Fed. R. Civ. P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of the pleading itself, while a factual attack challenges the factual existence of subject matter jurisdiction. *Id.* (citations omitted). This distinction is relevant to the manner in which the Court treats the facts alleged in the complaint. If the motion presents a facial attack, the Court must take all of the material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Id.* In contrast, if the motion presents a factual attack, then the Court is free to consider extrinsic evidence and may weigh the evidence of its own jurisdiction without affording plaintiff the presumption of truthfulness. *Id.*

**B. Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) for failure to state a claim tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.,* 513 F.2d 1176, 1182 (6th Cir. 1975). Facts alleged by the non-moving party must be accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8. Rule 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a complaint to provide the defendant with "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

### C. Analysis

When a defendant moves to dismiss a case pursuant to both Rule 12(b)(1) and (b)(6), the Court should consider the 12(b)(1) motion first because, if the Court lacks subject matter jurisdiction, the 12(b)(6) motion is moot. *Kadura v. Lynch*, No. CV 14-13128, 2017 WL 914249, at *1 (E.D. Mich. Mar. 8, 2017) (citations omitted).

#### 1. The Court lacks subject matter jurisdiction

Defendants argue that plaintiff's case should be dismissed because he has not satisfied the jurisdictional prerequisites for filing a claim under 42 U.S.C. § 2000a in federal court. Title 42 U.S.C. § 2000a–3(c) provides:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) of this section before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

42 U.S.C. § 2000a-3(c).

In other words, if a state has a law prohibiting racial discrimination in a place of public accommodation and a state or local authority exists to address such discrimination, then no action

can be brought under Title II until thirty (30) days after a written complaint has been filed with that authority. This requirement is jurisdictional in nature. *See Halton v. Great Clips, Inc*., 94 F.Supp.2d 856, 860-61 (N.D. Ohio 2000) (citing *Watson v. Fraternal Order of Eagles*, 915 F.2d 235, 242 (6th Cir. 1990)).

Plaintiff is not required, however, to exhaust his state remedies before filing a Title II claim in federal court. 42 U.S.C. § 2000a-6(a). Rather, he must simply notify the proper state or local authority in writing of the alleged discrimination, and then wait thirty days before filing in federal court in order to give the state and/or local authority an opportunity to resolve the problem. *S.G. v. CBL & Assocs. Mgmt., Inc*., No. 1:09 CV 83, 2010 WL 743731, at *2 (E.D. Tenn. Feb. 26, 2010) (citations omitted).

Ohio has a statutory provision that prohibits discrimination in places of public accommodation, Ohio Rev. Code § 4112 .02(G), and a provision by which an aggrieved person may challenge, and seek relief from, such prohibited discrimination, Ohio Rev. Code § 4112.05. Accordingly, pursuant to 42 U.S.C. § 2000a-3(c), plaintiff must notify the Ohio civil rights commission of the alleged discrimination before proceeding in federal court. *Halton*, 94 F.Supp.2d at 860-61.

The complaint does not allege that plaintiff has filed a claim relating to this matter with the Ohio civil rights commission, or any other state or local authority. Thus, it appears that plaintiff has not satisfied the statutory prerequisites for filing a Title II claim in federal court. In that case, this matter must be dismissed pursuant to Rule 12(b)(1) because the Court lacks jurisdiction over plaintiff's Title II claim. Even if the complaint alleged that plaintiff fulfilled the statutory

prerequisite to filing a Title II claim in federal court, however, this case would nevertheless be subject to dismissal pursuant to Rule 12(b)(6) because the complaint fails to state a claim.

### 2. The complaint fails to state a claim

To establish a *prima facie* case of race discrimination under Title II, plaintiff must allege facts suggesting that he (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation; (3) was denied those benefits and enjoyment by the defendants; and (4) was treated less favorably by the defendants than similarly situated persons who are not members of the protected class. *Fall v. LA Fitness*, 161 F. Supp. 3d 601, 605-06 (S.D. Ohio 2016) (a Title VII-inspired burden shifting analysis for Title II public accommodation claims is appropriate) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)) (further citation omitted); *Bormuth v. Dahlem Conservancy*, 837 F. Supp. 2d 667, 674 (E.D. Mich. 2011) (same).

The standard of review for *pro se* pleadings is liberal. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). That said, the principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Even liberally construing the facts alleged in the complaint in a light most favorable to plaintiff, he has not made any factual claims (beyond conclusory allegations[4]) which, taken as true, suggest that *defendants* committed any racially discriminatory acts on March 6, 2017, that state a plausible

---

[4] Paragraph 13 of the complaint claims that "Subways corporate culture is the root of the racial animosity for African Americans." Paragraphs 16 and 17 alleges that "[d]efendants property is a hotbed of tension and racial animosity[]" and "Subway employees give tacit approval of the harassment of African-Americans." The Court is not required to accept as true legal conclusions unwarranted factual inferences. *Mixon*, 193 F.3d at 400.

claim for relief under Title II.

As an initial matter, the complaint does not identify how defendant Doctors Associates of Milford, Connecticut is connected to this case. After conducting its own research, it appears that Doctors Associates may be the owner of the Subway brand. Even if this fact were alleged in the complaint and assumed to be true, plaintiff's claim that a customer he encountered at a Subway restaurant in Niles, Ohio insulted him with a racially derogatory term does not connect the owner of the Subway brand to liability under Title II.

With respect to defendant Subway Restaurants, plaintiff claims that on March 6, 2017, the employees on duty at the Subway in Niles, Ohio did not intervene "to help a disabled veteran." (Compl. ¶ 12.) Once again, even if true, plaintiff does not allege any facts to suggest how a patron's insult toward him on one occasion, and the employees' reaction thereto, reflects racial discrimination by the Subway corporation or otherwise supports a plausible Title II race discrimination claim against defendant Subway Restaurants.

Thus, even assuming the Court has jurisdiction over this case, the complaint fails to state a claim for relief under Title II, and defendants' motion to dismiss pursuant to Rule 12(b)(6) is granted.[5]

---

[5] Additionally, the remedy plaintiff seeks is not available under Title II. Plaintiff seeks money damages to compensate him for the mental anguish and humiliation that he experienced on March 6, 2017. The remedy provided by Title II, however, is limited to injunctive and declaratory relief. *See* 42 U.S.C. § 2000a–3(a). There can be no retroactive injunctive relief, and plaintiff cannot recover the relief he requests because money damages are not available under Title II. *See Fall v. LA Fitness*, 161 F. Supp. 3d 601, 604 (S.D. Ohio 2016) (citations omitted); *Lewis v. Northland Chrysler Dodge Ram Jeep*, No. 13-CV-14058, 2014 WL 3054563, at *3 (E.D. Mich. July 7, 2014), *aff'd* (Aug. 7, 2015) (citations omitted); *Geer v. Medallion Homes Ltd. P'ship*, No. 04-CV-71294, 2005 WL 2708992, at *3 (E.D. Mich. Oct. 20, 2005).

## III. CONCLUSION

For all the foregoing reasons, defendants' motion to dismiss (Doc. No. 6) is granted and this action is dismissed. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 19, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**